UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Matt Runningshield, | Civil File No. 10-cv-800 (JMR/RLE) |
| Plaintiff, | |
| vs. | |
| State of Minnesota, Minnesota Department of Corrections, Joan Fabian, Terry Carlson, Jessica Symmes-Benson, Kent Grandielinard, Lcie Stevenson, Mike Green, Vince Krenz, Jeff Danksy, Kevin Monio, Jeff Bly, Jason Smith and James Lang | **ANSWER OF DEFENDANTS** |
| Defendants. | |

Defendants for their Answer to the Complaint in this matter, admit, deny, and allege as follows:

1. Except as expressly admitted, denied, or otherwise qualified, deny each and every allegation set forth in Plaintiff's Complaint.

2. As to Paragraph 1, Defendants deny.

3. As to Paragraph 2, this paragraph does contain a factual assertion and therefore, does not require a specific admission or denial, in the event a response is needed, Defendants deny.

4. As to Paragraph 3, this paragraph does not contain a factual assertion and therefore, does not require a specific admission or denial.

5. As to Paragraph 4, Defendants admit.

6. As to Paragraphs 5-14, Defendants admit that Plaintiff has, for the most part, accurately stated the job titles of Defendants.

7. As to Paragraph 15, Defendants deny.

8. As to Paragraph 16, Defendants admit only to the extent that Plaintiff filed a prior lawsuit in which he was paid a settlement, Defendants continue to deny the factual allegations of the prior lawsuit and have not and do not admit liability related to Plaintiff's prior lawsuit.

9. As to Paragraph 17, Defendants deny.

10. As to Paragraph 18, Defendants admit only to the extent that Plaintiff has been in segregation since on or around March 20, 2008.

11. As to Paragraph 19, Defendants are without specific information to admit or deny, and accordingly deny.

12. As to Paragraphs 20-24, Defendants deny.

13. As to Paragraph 25, Defendants admit only to the extent that a routine search of Plaintiff's cell was conducted on that date.

14. As to Paragraph 26, Defendants admit only to the extent that Plaintiff protests the DOC policy that requires inmates to be strip searched prior to receiving over the counter medications.

15. As to Paragraph 27, Defendants deny.

16. As to Paragraph 28, Defendants are without specific information to admit or deny and accordingly deny.

17. As to Paragraph 29, Defendants deny.

18. As to Paragraphs 30-34, Defendants deny.

19. As to Paragraph 35, Defendants are without specific information to admit or deny and accordingly deny.

20. As to Paragraph 36, Defendants are without specific information to admit or deny and accordingly deny.

21. As to Paragraphs 37-38, Defendants deny.

22. As to Paragraph 39 Defendants admit only to the extent that Plaintiff did transmit a letter alleging that guards had tampered with his hygiene products.

23. As to Paragraphs 40-42, Defendants deny.

24. As to Paragraphs 43, Defendants admit only to the extent that Plaintiff did have a conversation in which Plaintiff accused Defendant Smith of stealing his hygiene products and Defendant Smith denied that allegation.

25. As to Paragraph 44, Defendants state that Plaintiff's allegations are too vague to respond to and accordingly deny.

26. As to Paragraph 45, Defendants admit only to the extent that Plaintiff wrote a letter to Assistant Minnesota Attorney General Marsha Devine.

27. As to Paragraph 46, Defendants are without specific information to admit or deny and accordingly deny.

28. As to Paragraph 47, Defendants deny.

29. As to Paragraphs 48-49, Defendants admit only to the extent that Defendant Dansky did not agree to launch a more expansive investigation at the request of Plaintiff, that Defendants Dansky and Krenz personally watched the cell search Plaintiff

complained about, were able to determine that Plaintiff's allegations of wrongdoing were unsupported and determined further investigation was unwarranted after Plaintiff's allegations were conclusively disproved after a review of the video.

30. As to Paragraph 50, Defendants admit only to the extent that Defendant Green offered Plaintiff a concurrent term of segregation as a punishment and that Defendant Green declined Plaintiff's invitation to personally examine his shampoo bottle.

31. As to Paragraphs 51-52, Defendants admit only to the extent that Defendant Green acted in the role as a hearing officer, that Defendant Green did find him guilty of the rule violation and that Defendant Green assessed Plaintiff a "Loss of Privileges" of 21 days.

32. As to Paragraph 53, Defendants state that to the extent that Plaintiff is quoting an unidentified document, that document can speak for itself when it is identified and does not require a specific admission or denial in this here Answer, however Defendants deny any implication or wrongdoing Plaintiff may be making.

33. As to Paragraph 54, Defendants admit only to the extent that Defendants have not performed an independent chemical analysis of Plaintiff's shampoo bottle.

34. As to Plaintiff's Claims for Relief, Defendants state that these paragraphs do not contain factual assertions, but only legal conclusions, and therefore do not require a specific admission or denial, in the event a response is needed however, Defendants deny all paragraphs.

35. As to Plaintiff's Relief Requested, Defendants deny Plaintiff is entitled to any relief.

## SEPARATE DEFENSES

36. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

37. Plaintiff's claims against Defendants are barred by the equitable doctrines of estoppel, res judicata and/or collateral estoppel.

38. Plaintiff's claims against Defendants were not brought within the applicable statute of limitations.

39. Plaintiff's claims against Defendants are barred by the Eleventh Amendment.

40. Defendants are entitled to qualified immunity, official immunity, or discretionary immunity.

41. This action is subject to the restrictions and limitations of the Prison Litigation Reform Act of 1995, including, but not limited to, the requirement that Plaintiff cannot commence this lawsuit until he has exhausted the formal grievance procedures established by the Minnesota Department of Corrections.

42. Plaintiff's claims are governed by the provisions, limitations, and exclusions of the Minnesota Tort Claims Act, including, but not limited to, the provisions in Minn. Stat. § 3.736, subd. 3 (2008).

43. Plaintiff's claims are subject to the monetary limits of $300,000 per person and one million per occurrence contained in Minn. Stat. § 3.736, subd. 4 (2008).

44. To the extent that Plaintiff has been damaged, such damages are the result of his own conduct and actions.

45. This action is barred by the doctrines established in the U.S. Supreme Court cases of *Preiser v. Rodriguez*, *Heck v. Humphrey,* and their progeny.

46. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

47. Defendants had no personal involvement in the actions complained of by Plaintiff.

48. This Court does not have jurisdiction to hear all of Plaintiff's claims.

49. Plaintiff's Complaint contains causes of actions which he has previously released the Defendants of through settlement.

WHEREFORE, Defendant prays that the Plaintiff take nothing by his Complaint, that the Complaint be dismissed with prejudice, and that the State Defendants be awarded their costs and disbursements.

Dated:  May 10, 2010         Lori Swanson
                             Attorney General
                             State of Minnesota

                             s/ **Jackson Evans**
                             Jackson Evans
                             Bar Number 0388543

                             445 Minnesota Street, Suite 900
                             St. Paul, MN 55101-2127
                             Telephone:  (651) 757-1189
                             Fax:  (651) 297-4139
                             jackson.evans@state.mn.us

                             ATTORNEYS FOR DEFENDANTS

AG: #2626528-v1