UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Matt Runningshield,
a.k.a. Royal Rockefeller,

            Plaintiff,

vs.                        REPORT AND RECOMMENDATION

State of Minnesota, Minnesota
DOC, Joan Fabian, Terry Carlson,
Warden Jessica Symmes-Benson,
Asst. Warden Kent Grandlienard,
Lcie Stevenson, Mike Green,
Vince Krenz, Jeff Dansky, Kevin
Monio, Sgt. Jeff Bly, Jason Smith,
and James Lange,

            Defendants.       Civ. No. 10-800 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for an Order to Show Cause/Temporary Restraining Order ("TRO"). See, Docket No. 11. The Plaintiff appears pro se, and the Defendants have not entered a response to the Motion for a

TRO, but they have filed an Answer, see, Docket No. 16, and now appear by Jackson Evans, Assistant Minnesota Attorney General. For reasons which follow, we recommend that the Plaintiff's Motion be denied.

## II. Discussion

The Plaintiff is a State prisoner, who is currently incarcerated at the Minnesota Correctional Facility, at Oak Park Heights, in Stillwater, Minnesota ("MCF-OPH"). See, Complaint, Docket No. 1. Upon a liberal reading of his pro se Complaint, the Plaintiff asserts a claim, under Title 42 U.S.C. §1983, for violation of his rights under the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment, as well as under Minnesota State law, and he alleges that the Defendants have tampered with his hygiene products, in order to retaliate against him for filing grievances that are related to alleged abusive practices by Correctional Officers at MCF-OPH. Id. Among other relief, the Plaintiff seeks damages, both compensatory and punitive, and a Declaratory Judgment that the Defendants' conduct, which the Plaintiff has alleged, in his Complaint, violated his constitutional rights. Id.

In his Motion for a TRO, which was filed in conjunction with his Motion to Amend his Complaint, the Plaintiff seeks an Order directing the Defendants to "arrange for an examination and testing of [the] plaintiff's hygiene product's [sic] that

have been tampered with by a lab chemist/tech.," and to carry out said testing.[1] See, Motion/Proposed Order, Docket No. 11, at p. 2 of 2; Affidavit for Order to Show Cause/Motion for Temporary Restraining Order, Docket No. 12, at p. 4 of 4. As noted, the Defendants have not responded to the Motion for a TRO.

We conclude that a TRO is not appropriate, under the circumstances presented here. Rule 65, Federal Rules of Civil Procedure, provides that a TRO may only be granted if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or that party's attorney can be heard in opposition; and (B) the movant's

---

[1] In an accompanying Order, we grant the Plaintiff's Motion to Amend, as he filed the Motion before the Defendants filed an Answer to the Complaint and, therefore, he was permitted to file one (1) amended pleading as of right. See, Rule 15(a), Federal Rules of Civil Procedure (a pleading can be amended once as a matter of right within 21 days after service of a responsive pleading); Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002)("[S]eeking leave to amend does not, by itself, invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a) [allowing amendment by right]."). However, since the Amended Complaint, that the Plaintiff filed along with his Motion to Amend, sought to incorporate by reference the original Complaint, in violation of Local Rule 15.1, see, D. Minn. L.R. 15.1, we directed the Plaintiff to file, and serve, within thirty (30) days, an Amended Complaint which included all of the claims that he seeks to raise against all of the Defendants. The Amended Complaint does not affect our analysis, here, of the Plaintiff's Motion for a TRO.

attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required." Rule 65(b), Federal Rules of Civil Procedure.

Alternatively, Courts can issue Preliminary Injunctions and, while Rule 65 does not expressly enumerate the requisite elements of proof which would warrant the issuance of a Preliminary Injunction, the Courts have listed the critical showings as follows:

> 1) threat of irreparable harm to the movant;
>
> 2) the balance between the injury and the harm that the preliminary injunction will cause to the other parties;
>
> 3) the movant's probability of success on the merits; and
>
> 4) the public interest.

Vonage Holdings Corp. v. Nebraska Public Service Commission, 564 F.3d 900, 904 (8th Cir. 2009), quoting Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981); Stuart Hall Co.,Inc. v. Ampad Corp., 51 F.3d 780, 783 n. 2 (8th Cir. 1995), citing Calvin Klein Cosmetics Corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987); Emerson Electric Company v. Rodgers, 418 F.3d 841, 844 (8th Cir. 2005).

Despite the clear preconditions to any award of the type of equitable relief that the Plaintiff seeks here, he has failed to demonstrate, by Affidavit or by a Verified or Certified Complaint, that he will suffer any immediate or irreparable injury, loss, or damage, if the Court were not immediately to issue an Order of Injunction.

Instead, the Plaintiff's Affidavit, and Memorandum in Support, simply discuss his past injuries, in the alleged tampering of his hygiene products, the purported deprivation of his Due Process rights during a Disciplinary Hearing, and the alleged destruction of a videotape, which was used as evidence in that disciplinary hearing. The purpose of a TRO is to prevent future irreparable harm, not to correct past wrongs and, while the Plaintiff argues that the violation of his constitutional rights is a "continuing deprivation," the only harms that he alleges are those which were assertedly inflicted in the past. To the extent that the Defendants have denied the Plaintiff any right, that is guaranteed to him by the Constitution of the United States in the past, those assertions will be resolved by our consideration of the merits of the Plaintiff's claims, but only after the parties have had an opportunity to brief those claims.

Moreover, the injunctive relief, that the Plaintiff seeks, is an Order which would direct the Defendants to complete a chemical analysis of the Plaintiff's hygiene products, but a TRO, or Preliminary Injunction, is intended to maintain the status quo until the merits of the case are decided, and not to affirmatively undertake pretrial discovery. See, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994), citing Dataphase Sys., Inc. v. C L Sys., Inc., supra at 113 and n. 5; Graham Webb Intern. v.

Helene Curtis Inc., 17 F. Supp.2d 919, 931 (D. Minn. 1998). While preliminary injunctive relief may be appropriate so as to preserve evidence, where the movant has demonstrated that the opposing party is likely to destroy that evidence, see, e.g., Lyons v. Wall, 2009 WL 3401247 (D. R.I., October 20, 2009); see also, Treppel v. Biovail Crop, 233 F.R.D. 363, 369-71 (S.D.N.Y. 2006)(discussing "preservation orders"), the Plaintiff has made no such showing here, which is related to the hygiene products that he appears to currently possess. See, Complaint, supra at p. 16 of 29 ("Plaintiff tried showing the shampoo bottle's [sic] to [the Defendant] Mike Green, [and] he refused to even look at them."); see also, Amended Complaint, Docket No. 10-1, at p. 9 of 13 ("I * * * showed [Mark Ehlenz] the shampoo and lotion bottles and the discoloration.").

In sum, since we find that the Plaintiff has failed to demonstrate any immediate, future irreparable harm to himself, and because we find that the TRO seeks inappropriate relief under the circumstances presented, we recommend that the Plaintiff's Motion be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Motion for Order to Show Cause/Temporary Restraining Order [Docket No. 11] be denied.

Dated: May 25, 2010  *s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 8, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 8, 2010**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.