UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Matt Runningshield, a/k/a Royal Rockefeller, | Civ. No. 10-800 (JNE/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Joan Fabian, Terry Carlson, Jessica Symmes-Benson, Kent Grandielinard, Lcie Stevenson, Mike Green, Vince Krenz, Jeff Dansky, Jeff Bly, Jason Smith, James Lange, and Kevin Monio, | |
| Defendants. | |

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for a default judgment against the Defendants. (Dkt. 46). This matter has been referred to the undersigned for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's request for a default judgment be denied.

## I. PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 15, 2010, and the proceedings have been unnecessarily convoluted since that time, primarily due to Plaintiff's repeated attempts to amend his Complaint (See, Dkts.10, 23, 26, 30, 40), which have stymied the Court's efforts to move this case forward in an orderly fashion. (See, Dkts. 34, 42). As pertinent here, on July 7, 2010, in light of Plaintiff's pending motion to amend, Defendants sought an extension of time to file an answer to Plaintiff's Complaint. (Dkt. 27). The Court granted that motion on July 8, 2010, and

ordered Defendants to file their answer within 30 days after the Court ruled on Plaintiff's pending motion to amend. (Dkt. 29).

On July 27, 2010, Plaintiff was granted leave to amend his pleading, and was directed to file a pleading designated as this Third Amended Complaint, which incorporated all of his claims against all Defendants, by no later than August 6, 2010. (Dkt. 34). Plaintiff was later granted an extension until September 15, 2010 to file his Third Amended Complaint. (Dkt. 37). However, on September 23, 2010, Plaintiff filed yet another motion to amend his Complaint. (Dkt. 40). Upon further review, the Court determined that Plaintiff's latest motion was really his response to the Court's order directing him to file a Third Amended Complaint. (Dkt. 42). As a result, Plaintiff's Third Amended Complaint was filed with the Clerk of Court on October 7, 2010. (Dkt. 43).

In the Court's October 7 Order, the Court also directed Defendants to file an answer in accordance with the Federal Rules of Civil Procedure. (Id. at p. 3). Thereafter, on November 8, 2010, Defendants filed their Answer to Plaintiff's Third Amended Complaint. (Dkt. 45). On that same date, the Court received Plaintiff's request for a default judgment, in which he claimed that Defendants had failed to plead or defend in accordance with the Court's Order of October 7, 2010, and the Federal Rules of Civil Procedure. In response, Defendants contend that their answer was timely, since the Court had granted Defendants 30 days following the resolution of Plaintiff's motion to amend in which to file an Answer to his Third Amended Complaint. (Dkt. 47). Defendants assert that, because their deadline of November 6, 2010, fell on a Saturday, their answer was timely filed on the following Monday, which was November 8, 2010.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 provides that a default may be entered against a party when that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).  Generally, a defendant is required to file an answer within 21 days after being served with a copy of the summons and complaint.  Fed. R. Civ. Pro. 12(a)(1).

"Both the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court."  United States on behalf of and for Use of Time Equipment & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)[citation omitted](noting that filing an answer 12 days late was a marginal failure to comply with time requirements).  Moreover, it is well-established that default judgments "are not favored by the law."  Id.  Significantly, "[a] court abuses its discretion if it enters a default judgment 'for a marginal failure to comply with the time requirements.'"  In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995), quoting Harre, 983 F.2d at 130; Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)(noting 22 day delay in filing an answer is a marginal failure to comply with time requirements, and that a default judgment would not be warranted).

Here, the Court recognizes that there may have been some confusion regarding the Defendants' deadline for filing their answer.  On July 8, 2010, the Defendants were granted 30 days to file an answer following the resolution of Plaintiff's motion to amend, which was not definitively resolved until October 7, 2010.  The Court recognizes that, in its October 7 Order, it directed Defendants to file an answer in accordance with the Federal Rules of Civil Procedure, which generally requires an answer within 21 days of being served with the summons and complaint.  However, the Court finds that Defendants reasonably relied on their prior extension,

and therefore, that it would be inappropriate to impose a Default Judgment under the circumstances presented here.  Moreover, even if we assumed that Defendants' Answer was technically untimely, it was only untimely by a matter of days.  As such, their failure to answer was only a marginal failure to comply with time limitations.  Defendants have filed an Answer, and they clearly intend to defend against this action.  As a consequence, the Court finds that a default judgment against the Defendants is not justified.  See, <u>Panda Investments, Inc. v. Jabez Enterprises, Ltd.</u>, 2007 WL 4556785 at *4 (N.D. Iowa 2007)("Any doubts as to whether a party is in default should be decided in favor of the defaulting party.")[citation omitted].

### III. RECOMMENDATION

Based on the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

Plaintiff's request for a default judgment as to all Defendants  [Docket No. 46] be DENIED.

DATED:  November 23, 2010

s/ 
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 7, 2010,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.